PER CURIAM.
These consolidated bar disciplinary proceedings are before the Court for consideration of the referee’s report, which finds the respondent attorney guilty of professional misconduct and recommends disbarment. The respondent does not seek review of the referee’s report.
In case no. 67,694, The Florida Bar filed a complaint alleging that respondent had agreed to represent a client with regard to a personal injury claim; that he filed a complaint to initiate the legal action; that the defending party later filed a motion to dismiss for lack of prosecution; that respondent communicated ex parte with the judge to try to prevent dismissal; that the action was dismissed and was not refiled; that the statutory limitations period expired; that while the action was pending there was a settlement offer; and that neither the settlement offer nor the subsequent dismissal was ever communicated to the client by respondent. Before the referee respondent admitted that the factual allegations of the complaint were true. The referee found respondent guilty of violating the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty); 6-101(A)(3) (neglect of an entrusted legal matter); 7-101(A)(1) (failure to seek the lawful objectives of a client); 7-101(A)(2) (failure to carry out a contract of employment); 7-101(A)(3) (causing prejudice or damage to a client); and 7-110(B) (improper ex parte communication with a judge).
In case no. 68,858, the Bar alleged that respondent was retained in August, 1982, to handle a legal claim; that in August, 1983, he told the client that he was pursuing settlement negotiations; that there were in fact no settlement negotiations; that in November, 1983, he told the client that suit had been filed; that in December, 1983, the action was in fact filed; and that service of process on the defendant was not perfected until May, 1984. Respondent admitted the allegations. The referee found respondent guilty of violating Disciplinary Rules 1-102(A)(4) and 6-101(A)(3).
In case no. 69,540, the Bar alleged that respondent was retained to handle a personal injury claim against the operators of a cruise ship; that after agreeing to file suit, respondent failed to do so; that a contractual limitations period expired, barring the claim; and that respondent told the client that suit had been filed when it had not. Respondent admitted the allegations. The referee found respondent guilty of violating Disciplinary Rules 1-102(A)(4) and 6-101(A)(3).
Pointing out that the respondent had previously received a ninety-day suspension, The Florida Bar v. Ward, 465 So.2d 513 (Fla.1985), the referee recommended disbarment. Respondent has not filed a petition for review and thus does not seek to challenge the referee’s findings or recommendation. Rule 3-7.6(c)(6) of the Rules Regulating The Florida Bar provides in pertinent part:
If no review is sought of a report of a referee entered under the rules and filed in the Court, the findings of fact shall be deemed conclusive and the disciplinary measure recommended by the referee shall be the disciplinary measure imposed by the Court, unless the Court directs the parties to submit briefs or oral argument directed to the suitability of the disciplinary measure recommended by the referee.
We therefore approve the report and recommendation of the referee and, accordingly, attorney Robert J. Ward is hereby dis *141 barred. So that he can take steps to protect any clients with legal business pending, respondent’s disbarment will take effect thirty days from the date of this order.
The costs of this proceeding are assessed against the respondent. Judgment is entered against Robert J. Ward for costs in the amount of $1,624.74, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.